**Sherri MORGAN, Appellant,**

v.

**Kevin L. McBEE, Respondent.**

**No. WD 64297.**

Missouri Court of Appeals,
Western District.

Aug. 30, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 2005.

Application for Transfer Denied
Nov. 22, 2005.

Daniel J. Pingelton, Columbia, for Appellant.

Leslie Mayberry Schneider, Columbia, for Respondent.

PAUL M. SPINDEN, Judge.

Sherri Morgan appeals the circuit court's judgment ordering Kevin L. McBee to pay her $13,150 for child support arrearages. Morgan asserts that the circuit court erred in calculating the amount of child support arrearages, in refusing to award statutory interest, and in refusing to award her attorney's fees. We affirm in part and reverse and remand in part.

The evidence established that the circuit court dissolved Morgan's marriage to McBee on January 25, 1991, and ordered McBee to pay child support of $350 per month, beginning on January 25, 1991, for the parties' one child.

On January 29, 2004, McBee filed a motion asking the circuit court to determine his child support arrearages. He alleged that the amount that the Division of Child Support Enforcement claimed that he owed, $36,925, was inaccurate. Morgan filed an answer to McBee's motion and also filed an execution/garnishment application and order. In response to Morgan's garnishment application, McBee filed a motion to quash.

On March 8, 2004, the circuit court held a hearing on Morgan's garnishment application. At the hearing, McBee requested that the circuit court admit into evidence Morgan's 1998 Notice of Income Withholding and Affidavit of Noncompliance with Child Support Order. The circuit court admitted these documents into evidence

with no objection from Morgan. Both of these documents, executed by Morgan, stated that the total of child support arrearages as of September 16, 1998,[1] was $4200. After the hearing, the circuit court granted McBee's motion to quash Morgan's garnishment application pending the circuit court's determination on McBee's motion to determine child support arrearages.

On April 26, 2004, the circuit court held a hearing to receive additional evidence on the amount of arrearages owed by McBee. After the hearing, the circuit court found:

> [A]s of September 16, 1998, [McBee] was in arrears on child support payment in amount of $4,200; that since that date and through January 2004, current child support accrued in amount of $22,750; that since September 16, 1998[, McBee] has paid child support in amount of $13,800; and that [McBee's] arrearages as of January 31, 2004[,] was $13,150.

The circuit court also ordered each party to pay his or her own attorney fees and did not award any statutory interest to Morgan. Morgan appeals.

■ In her first point, Morgan asserts that the circuit court erred in calculating the amount of child support arrearages owed by McBee. In particular, she contests the circuit court's determination that, as of September 16, 1998, McBee's child support arrearages was only $4200.[2] Morgan contends that the circuit court erroneously relied on her 1998 Notice of Income Withholding and Affidavit of Noncompliance with Child Support Order as evidence of the arrearages. We disagree.

---

1. During 1998, Morgan signed the Notice of Income Withholding on September 14 and filed it with the circuit court on September 16. A notary notarized Morgan's affidavit on September 29, and Morgan filed the affidavit with the circuit court on the same day.

2. Morgan does not challenge the circuit court's determination of McBee's child support arrearages since September 16, 1998.

We must affirm the circuit court's judgment unless it is not supported by substantial evidence, is against the weight of evidence, erroneously declares the law, or erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Moreover, we must make any decision to reverse a judgment because it is against the weight of the evidence with caution and with a firm belief that the judgment is wrong. *Id.* The fact-finder is free to reject any part of a witness' testimony. *T.B.G. v. C.A.G.,* 772 S.W.2d 653, 654 (Mo. banc 1989). We, therefore, accept as true the evidence and inferences therefrom which are favorable to the circuit court's judgment, and we disregard all contrary evidence. *Id.*

Morgan claims that the circuit court erred in relying on the 1998 Notice of Income Withholding to determine the amount of arrearages as of September 16, 1998, because at the hearing she explained that "she used [the $4200] amount in 1998 as a minimum sum of an actual amount owed for a specific period (one year) at a time when she had not determined the total arrearage." At the hearing, Morgan presented evidence that McBee's child support arrearages as of September 1998 was $27,125.

At that same hearing, however, Morgan conceded that she signed and filed the 1998 Notice of Income Withholding with the court on September 16, 1998, and that she listed McBee's total child support arrearages as $4200. She also acknowledged that attached to the Notice of Income Withholding was an Affidavit of Noncompliance with Child Support Order, which she signed before a notary. The affidavit said that McBee's child support arrearages as of September 29, 1998, was $4200. Morgan said that she put $4200 on these forms because "[t]hat was what [she] knew."

Morgan asserts, however, that the circuit court should not have relied on the Notice of Income Withholding and the Affidavit of Noncompliance with Child Support Order as evidence of McBee's arrearages as of September 1998, because the circuit court was required to determine how much child support McBee actually paid. Morgan's contention is without merit.

Morgan's Notice of Income Withholding and supporting affidavit were prior inconsistent statements. As such, these statements were admissible for impeachment purposes and were substantive evidence upon which the circuit court was entitled to rely. *Rowe v. Farmers Insurance Company, Inc.,* 699 S.W.2d 423, 428 (Mo. banc 1985); *Foster v. Catalina Industries, Inc.,* 55 S.W.3d 385, 393 (Mo.App.2001). Although Morgan attempted to offer an explanation and other evidence as to why the amount of child support arrearages was different in the Notice of Income Withholding and the affidavit from the amount she now claims was due, the circuit court was free to disbelieve her.

Morgan relies on *Boyer v. State of Missouri ex rel. Stuerke,* 851 S.W.2d 802 (Mo. App.1993), in support of her contention that arrearage affidavits are not binding on a party. In *Boyer,* a deputy court administrator stated in two different affidavits, one in 1985 and one in 1986, the amount of a father's child support arrearages due to the court. The *Boyer* court concluded:

[Father] fail[ed] to provide any authority for his position that the state is bound by the 1986 affidavit of arrearage. He also fail[ed] to explain why the state would be bound by one affidavit and not an earlier affidavit, which stated that [he] owed $16,785 in back support. Furthermore, it was apparent from [the father's] own records, which he offered at

the hearing before the hearing officer, that the 1986 affidavit of arrearage was grossly inaccurate.

*Id.* at 804.

The issue in this case is not whether or not Morgan was bound by her affidavit, but whether or not the affidavit was competent evidence upon which the circuit court was entitled to rely. Although Morgan presented other evidence about McBee's lack of payments of child support, the circuit court was free to disbelieve this testimony. Morgan submitted the Notice of Withholding and affidavit concerning the child support arrearages as of September 1998 to the circuit court in 1998. Conversely, it was more than six years later when Morgan took the stand to testify in this case regarding the child support arrearages as of September 1998. Morgan had compiled a spreadsheet concerning McBee's arrearages, but, on cross-examination, she conceded that the spreadsheet was inaccurate. Although Morgan vigorously disputed the amount of arrearages, the circuit court properly exercised its discretion to weigh the conflicting evidence and to make factual determinations. Such determinations are entitled to deference on appeal. *Greiner v. Greiner,* 146 S.W.3d 442, 452 (Mo.App.2004); *King v. King,* 66 S.W.3d 28, 33 (Mo.App.2001).

■ Morgan also asserts that the circuit court erred in refusing to award statutory interest on McBee's delinquent child support payments. We agree.

Section 454.520.3, RSMo 2000, provides, "All delinquent child support and maintenance payments which accrue based upon judgments of courts of this state entered on or after September 1, 1982, shall draw interest at the rate of one percent per month." Section 454.520.5 further states:

As a condition precedent to execution for interest on delinquent child support or maintenance payments, the obligee shall present to the circuit clerk a sworn affidavit setting forth the payment history of the obligor under the judgment or order, together with a statement which details the computation of the interest claimed to be due and owing.... It shall not be the responsibility of the circuit clerk to compute the interest due and owing. The payment history affidavit and statement of interest shall be entered in the case record by the circuit clerk. If the obligor disputes the payment history as sworn to by the obligee, or the interest claimed, the obligor may petition the court for a determination. The court shall hold a hearing and shall make such a determination prior to the return date of the execution, or if this is not possible, the court shall direct the sheriff to pay the proceeds of the execution into the court pending such determination. If the determination as made by the court is inconsistent with the payment history affidavit of the obligee, or the interest claimed, the amount of the execution shall be so amended.

During the course of the proceedings before the circuit court on McBee's motion to determine child support arrearages, Morgan filed her affidavit of payment history and interest computation pursuant to Section 454.520.5. McBee disputed the payment history, as evidenced by the hearings before the circuit court. The circuit court also disagreed with Morgan's account of the payment history and the interest claimed. Therefore, pursuant to Section 454.520.5, the circuit court should have amended the amount of the execution for interest on the delinquent child support. The circuit court not only did not do this, but it also awarded no interest.

■ Under Section 454.520, assessment of interest for unpaid child support is mandatory. *Lueckenotte v. Lueckenotte,*

34 S.W.3d 387, 396 (Mo. banc 2001). The circuit court has no discretion to refuse to award interest as directed by Section 454.520. *Id.* To collect delinquent interest on child support, a parent can either file a payment history affidavit and statement of interest or file a motion to construe and enforce the judgment.[3] *Bohac v. Akbani,* 29 S.W.3d 407, 414 (Mo.App.2000). Morgan properly filed an affidavit. Because the circuit court determined that the payment history as alleged by Morgan was erroneous and determined that the amount of delinquent child support due and owing was $13,150, the circuit court should have amended the amount of the execution for interest on the delinquent child support. The circuit court, therefore, erred in failing to award Morgan interest, and we remand so that it can determine and award interest on the past due support.

■ In her final point, Morgan asserts that the circuit court erred in refusing her request for attorney fees. She contends that Section 452.355.2, RSMo 2000, and the parties' separation agreement required the circuit court to award her attorney fees. We disagree.

Section 452.355.2 says:

In any proceeding in which the failure to pay child support pursuant to a temporary order or final judgment is an issue, if the court finds that the obligor has failed, without good cause, to comply with such order or decree to pay the child support, the court shall order the obligor, if requested and for good cause

shown, to pay a reasonable amount for the cost of the suit to the obligee, including reasonable sums for legal services.

The circuit court did not find that McBee failed to pay child support without good cause, and Morgan did not show good cause for the award. The circuit court, therefore, was not required to award attorney fees to Morgan. *Bonenberger v. Bonenberger,* 108 S.W.3d 729, 736 (Mo.App. 2003).

■ Morgan also claims that the parties' separation agreement mandates an award of attorney fees. At the time of their dissolution, Morgan and McBee entered into an agreement, which settled all but two issues: the amount of child support and visitation. The separation agreement said:

ENFORCEMENT OF THIS AGREEMENT: In the event either party to this agreement brings an action for failure to perform any of the obligations imposed by the agreement on him or her, or for the enforcement or clarification of this agreement, the prevailing party in such action shall have the right to recover from the other his or her attorney's fees and litigation costs reasonably expended in prosecuting or defending the action.... No fees or costs authorized by this paragraph shall be recovered except as determined and awarded by the court in an action brought for enforcement, breach or clarification of this agreement.

---

**3.** McBee asserts that, because the interest amount claimed by Morgan in her affidavit was incorrect, Morgan either had to file a second affidavit computing the interest due on the judgment entered by the circuit court or file a motion to construe or enforce the judgment. Section 454.520.5 says, however, that the circuit court shall hold a hearing to determine the payment history and the amount of interest due if the obligor disputes

the amount sworn to by the obligee. "If the determination as made by the court is inconsistent with the payment history affidavit of the obligee, or the interest claimed, the amount of the execution shall be so amended." Section 454.520.5. This section does not require the obligee to file a second affidavit or to file a motion to construe and enforce the judgment.

The child support that Morgan is seeking to enforce is not a term set forth in the separation agreement. The child support issue was decided by the circuit court in its judgment of Decree of Dissolution of Marriage. Morgan, therefore, is seeking to enforce the judgment and not the separation agreement. Hence, the separation agreement's enforcement provision is not applicable.

Moreover, the separation agreement's enforcement provision merely gave a prevailing party the "right" to recover his or her attorney fees. It did not mandate that the circuit court award the prevailing party attorney's fees. Indeed, the provision said that no fees could be recovered except as determined and awarded by the court. The circuit court determined in this case that the parties were to pay their own attorney fees.

We affirm the circuit court's judgment ordering McBee to pay Morgan $13,150 for child support arrearages and denying Morgan's request for attorney fees. Because, however, the circuit court erred in failing to award Morgan interest on the delinquent child support, we remand so the circuit court can determine and award interest on the past due support.

LISA WHITE HARDWICK, Presiding Judge, and PATRICIA A. BRECKENRIDGE, Judge, concur.