**Sandra L. DeHAAN (Lombardo),
Appellant,**

v.

**Richard J. LOMBARDO, Respondent.**

**No. WD 68139.**

Missouri Court of Appeals,
Western District.

May 13, 2008.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 1, 2008.

Application for Transfer Denied
Aug. 26, 2008.

---

1. All subsequent statutory citations are to RSMo 2000, unless otherwise indicated.

Kenneth C. Hensley, Raymore, for appellant.

Gerard Eftink, Raymore, for respondent.

Before VICTOR C. HOWARD, C.J., JOSEPH P. DANDURAND, and ALOK AHUJA, JJ.

ALOK AHUJA, Judge.

## I.  Introduction

Sandra L. DeHaan (formerly Sandra Lombardo) appeals the judgment of the circuit court that denied her statutory interest and attorney's fees from her ex-husband, Respondent Richard Lombardo. DeHaan's motion arose from prior litiga-tion concerning Lombardo's obligation to pay her maintenance pursuant to the dissolution of their marriage.

We will not repeat this litigation's well-documented history in detail. *See Lombardo v. Lombardo,* 992 S.W.2d 919 (Mo. App. W.D.1999); *see also Lombardo v. Lombardo,* 120 S.W.3d 232 (Mo.App. W.D. 2003) (*"Lombardo II "*).  In brief, DeHaan and Lombardo were divorced in 1998. When the divorce decree was entered, the trial court ordered that Lombardo pay De-Haan maintenance in the amount of $4,000 a month for 120 months.  On May 24, 2002, the circuit court entered an order on Lombardo's motion that purported to reduce his maintenance obligation from $4,000 a month to $2,000 a month, based on the fact that DeHaan was cohabiting with her former husband, and therefore had a reduced need for support from Lombardo.  In *Lombardo II,* we held that this modification exceeded the trial court's "jurisdiction to modify such awards ... and, therefore, was null and void," since the original judgment expressly denominated the award to be "non-modifiable."  120 S.W.3d at 246.  Because we found that the original maintenance award was "a final judgment, binding on the parties and the trial court" which the circuit court had no jurisdiction to modify, we dismissed De-Haan's appeal of the attempted modification "for a lack of jurisdiction."  *Id.*

After *Lombardo II,* Lombardo was required to pay DeHaan $36,000 [1] in maintenance arrearages resulting from his reliance on the circuit court's void order.  On March 5, 2004, Lombardo made this payment to DeHaan, but he did not pay her

---

1. In fact, Lombardo's payment was for $40,000.  The record on appeal is unclear whether $4,000 of that amount was intended at that time to satisfy an arrearage, or if it was paid to fulfill a future obligation.  For purposes of this opinion we will defer to the circuit court's finding that Lombardo was in fact $36,000 in arrears at the time of this lump-sum payment.

any interest on the principal amount in arrears.

DeHaan filed the motion that is the subject of the instant appeal on December 21, 2005. On January 16, 2007, the circuit court held an evidentiary hearing on the motion. At the hearing DeHaan sought, *inter alia,* (1) interest on the delinquent maintenance payments under § 454.520.3,[2] and (2) her attorney's fees and costs incurred defending Lombardo's attempt to modify the maintenance order, under § 452.355.1. On January 29, 2007, the trial court entered the judgment appealed from. It awarded DeHaan $900.00, representing statutory interest owing on the delinquent maintenance payments only from December 17, 2003 (the date of our mandate in *Lombardo* II) to March 4, 2004 (the day before Lombardo's lump-sum payment). The trial court denied DeHaan's request for attorney's fees and costs in *toto.*

DeHaan asserts two Points on appeal. In the first, she alleges that the circuit court erred in failing to award her statutory interest pursuant to § 454.520.3 on the full amount of the maintenance payments due under the original decree that Lombardo failed to pay in a timely fashion. DeHaan argues in Point II that the circuit court abused its discretion in refusing her request for attorney's fees and costs.

We affirm in part and reverse in part.

## II. Analysis

### A. *Statutory Interest On Delinquent Maintenance Payments*

In Point I, DeHaan alleges that the circuit court erred in failing to award her the total amount of interest she sought pursuant to § 454.520.3 on Lombardo's delinquent maintenance payments. As stated previously, the circuit court granted DeHaan partial relief by ordering Lom-

bardo to pay "the sum of $900.00 as statutory interest for the period of December 17, 2003, through March 4, 2004." The circuit court ruled that Lombardo owed interest only from December 17, 2003, because this was the date that the "mandate from the Court of Appeals [in *Lombardo II* ] was issued . . . and the previous order of $4,000.00 per month maintenance was reinstated." The court concluded that Lombardo owed no interest prior to the issuance of our mandate in *Lombardo* II because the cause of Lombardo's delinquency was his "compl[iance] with the May 24, 2002 judgment" of the circuit court—the judgment this Court held had improperly attempted to modify the maintenance order, and which was accordingly "null and void." 120 S.W.3d at 246. On appeal, DeHaan argues that the circuit court erred as a matter of law in denying her interest on the full amount of Lombardo's arrearage.

█ In reviewing a trial court's order pertaining to maintenance awards, we apply the familiar review standard announced in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976): we will uphold the court's judgment unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Scruggs v. Scruggs,* 161 S.W.3d 383, 394 (Mo.App. W.D.2005).

█ Section 454.520.3 provides:

All delinquent child support and maintenance payments which accrue based upon judgments of courts of this state entered on or after September 1, 1982, shall draw interest at the rate of one percent per month.

DeHaan argues that, under the statute, Lombardo owes her interest on all delin-

---

2. All statutory citations are to the RSMo 2000 and 2007 Cumulative Supplement.

quent maintenance payments, notwithstanding the fact that he allowed this delinquency to accrue in reliance on the circuit court order later invalidated by *Lombardo II.* We agree.

■ "Under Section 454.520, assessment of interest for unpaid child support is mandatory. The circuit court has no discretion to refuse to award interest as directed by Section 454.520." *Morgan v. McBee*, 174 S.W.3d 640, 644–45 (Mo.App. W.D.2005) (citing *Lueckenotte v. Lueckenotte*, 34 S.W.3d 387, 396 (Mo. banc 2001)).

A similar situation was encountered by the Eastern District in *Baird v. Baird*, 843 S.W.2d 388 (Mo.App. E.D.1992). In *Baird*, a divorce decree required father to pay mother $160 in monthly child support. *Id.* at 389. Subsequently, the trial court entered a "Tentative Order" that purported to reduce the child support amount to $125 per month. *Id.* Mother appealed the circuit court's ruling that this modification of the child support order was a binding and enforceable order. *Id.* In *"Baird I,"* the Eastern District reversed the circuit court and held "that the trial court's ruling was a nullity and did not transform the 1984 'Tentative Order' into a final judgment." *Id.*

*"Baird II"* addressed the question whether father was liable for interest on his delayed payment of the child support due under the original decree, where he "had been making [reduced] child support payments ... in reliance on the 'Tentative Order.'" 843 S.W.2d at 389–90. Applying a statute that is functionally identical to § 454.520.3,[3] the Eastern District held that father was liable for interest on the arrearages, despite his good-faith reliance on the intervening trial-court order reducing his child-support obligation:

Even though father made reduced child support payments in good faith and in reliance upon what he understood to be a valid court order, the trial court had no discretion to decline to award interest on all delinquent child support payments. Section 454.520 requires that all delinquent child support payments "shall draw interest." The use of the word "shall" in a statute indicates that an action is mandatory and not discretionary or permissive. An award of interest compensates an individual for the use or loss of the use of money. Where a statute provides that interest "shall" be paid or received, a court has no discretion to refuse to award interest as directed by the statute.

*Id.* at 390 (citations omitted).

■ As in *Baird*, the circuit court in this case had no discretion to refuse to award statutory interest on Lombardo's delinquent maintenance payments. Simply put, § 454.520.3 specifies that interest *must* be awarded with respect to *all* delinquent maintenance payments. *Baird* confirms that § 454.520's mandate applies even if an individual fails to make full payment "in good faith and in reliance upon what he understood to be a valid court order." 843 S.W.2d at 390.

Lombardo's attempts to distinguish *Baird* are unavailing. Lombardo argues that *Baird* is distinguishable because the delinquency in that case "was based on a 'tentative order' rather than a 'judgment.'" But regardless of how the ruling was denominated, in both *Baird* and this case the circuit court attempted to modify a preexisting judgment, its ruling was later held to be invalid and void, and in the interim the obligated spouse relied on the

---

**3.** In *Baird*, the Eastern District applied § 454.520.1, which has identical language to § 454.520.3, but applies a different interest rate to judgments entered prior to September 1, 1982.

void ruling. In both cases, there was a valid, and subsisting, underlying judgment; it was this valid original judgment which triggered the accrual of interest pursuant to § 454.520. While *Baird* may have involved a ruling denominated "Tentative Order," the court's holding does not depend on this characterization—to the contrary, the court's opinion expressly states that "father made reduced child support payments [*based*] *upon what he understood to be a valid court order.*" 843 S.W.2d at 390 (emphasis added). Further, while Lombardo trumpets his reliance on the May 24, 2002 "Judgment" in this case, this Court in *Lombardo II* found that "Judgment" to be "null and void," so much so that this Court lacked appellate jurisdiction to review it.

The trial court stated that interest could only accrue after the mandate in *Lombardo II* was issued, because this is when the trial court's original judgment was "reinstated." But the fundamental flaw with this reasoning is that it presupposes that the original judgment was ever modified. In *Lombardo II*, we made clear that the later order by the circuit court "purporting to modify" the original maintenance award "was null and void." 120 S.W.3d at 246. Accordingly, because the force of the original judgment was never interrupted by the trial court's invalid attempt to modify it, there was nothing for the circuit court to "reinstate."

Lombardo argues that requiring him to pay statutory interest in these circumstances is unfairly punitive because "[t]here should be a safe harbor to the obligor who complies with the then existing judgment of the trial court." However, the interest mandated by § 454.520.3 is not intended as a punitive measure, but rather a means to ensure that money retains its value over time. "An award of interest compensates an individual for the use or loss of the use of money." *Baird*, 843 S.W.2d at 390. The statute's mandate insures that DeHaan receives the full economic benefit of the maintenance payments to which she was at all times entitled, but which she did not receive in a timely fashion. Lombardo did not contest that he was obligated to make the *principal* maintenance payments in a retroactive fashion, notwithstanding the fact that he acted in good faith in making payments that turned out to be insufficient to satisfy his obligations. Similarly, Lombardo must also pay the interest retroactively, because this is the only way to make DeHaan whole under the statutory scheme the legislature has enacted. Further, even if he acted in good faith, the fact is that Lombardo received the economic benefit of his non-payment of the $36,000 arrearage throughout the period during which that money was owed to DeHaan. As such, it is appropriate that DeHaan be awarded the statutory interest rate in addition to the $36,000 principal sum.[4]

4. Ironically, in his brief Lombardo argues that DeHaan "wants interest to be calculated as if he was required by judgment to pay $4,000 each of those months" between June 2002 and November 2003. But—as Lombardo's payment of the *principal* arrearage attests—the judgment *did* require him to pay $4,000 per month throughout the period at issue.

Lombardo also relies on *Cohen v. Cohen*, 178 S.W.3d 656, 671–673 (Mo.App. W.D.

2005). In *Cohen*, however, "Husband had no obligation to make maintenance payments" because there was no operative order in place during the time period in question. *Id.* at 672. In this case, by contrast, there was "a final judgment, binding on the parties and the trial court" in force throughout the time period in question. *Lombardo II*, 120 S.W.3d at 246. *Cohen* does not assist Lombardo's cause.

Finally, Lombardo argues that De-Haan's allegedly inconsistent theory of recovery at the evidentiary hearing should bar her from receiving interest under § 454.520. Specifically, at the evidentiary hearing, DeHaan testified that Lombardo's maintenance payments pursuant to the original judgment did not begin until September 2001, and therefore that his 120-month maintenance obligation did not begin until that time. An exhibit DeHaan submitted at the hearing, however, sought interest based on the fact that Lombardo's payment obligation began in 1998. From this inconsistency, Lombardo argues that the "trial court could have declared that she waived interest [and] [DeHaan] should be estopped from arguing that the trial court erred when she by her own words gave the trial court grounds to not find [Lombardo] delinquent." Essentially, Lombardo is arguing that DeHaan should be punished for her poor conduct in attempting, perhaps disingenuously, to extend the duration and amount of Lombardo's maintenance obligation.

But Lombardo fails to explain how these arguments relate to § 454.520, and that statute's mandatory requirement that the circuit court "shall" award interest on delinquent maintenance payments. As discussed above, § 454.520 is not intended to punish poor conduct or reward good behavior, but rather is simply intended to provide a receiving spouse with the economic equivalent of maintenance paid in a timely fashion. In any event, the circuit court's Judgment expressly found that it had "ordered [Lombardo] in August of 1998 to start paying the $4,000 a month, and that's when it started." DeHaan's purportedly inconsistent theories thus did not have any impact on the circuit court's ruling on the interest issue. Lombardo cites no authority for the proposition that, in these circumstances, DeHaan somehow waived, or was estopped, from seeking interest pursuant to § 454.520. *Cf. Morgan v. McBee,* 174 S.W.3d 640, 645 (Mo.App. W.D.2005) (although trial court rejected receiving spouse's payment history in calculating child support arrearages, it was required to award interest on the arrearages *it* calculated, and committed reversible error by failing to do so).

For the above reasons, we find that the circuit court erroneously applied the law in ordering Lombardo to pay only "the sum of $900.00 as statutory interest for the period of December 17, 2003, through March 4, 2004." Because § 454.520 requires interest to accrue on "[a]ll delinquent child support and maintenance payments," the circuit court erred in failing to order Lombardo to pay interest for the entire time period that he paid $2,000 instead of the $4,000 monthly amount that was required under the circuit court's original, non-modifiable order.[5]

**B.** *DeHaan's Motion For Costs and Attorney's Fees*

■ In Point II, DeHaan argues that the circuit court erred in denying her motion for costs and attorney's fees.

■ "A trial court has broad discretion in determining whether to award attorney's fees and costs" under § 452.355. *Laubinger v. Laubinger,* 5 S.W.3d 166, 181 (Mo.App. W.D.1999). The award "will not be disturbed on appeal absent an abuse of discretion." *Id.* "To show an abuse of discretion, the party challenging the award must show that the trial court's ruling was clearly against the logic of the circumstances and was so arbitrary and unrea-

---

**5.** We leave calculation of the precise amount of interest to which DeHaan is entitled to the circuit court on remand.

sonable as to shock one's sense of justice." *Id.*

Section 452.355.1 authorizes an award of costs and attorney's fees when one party seeks to modify a maintenance award. Section 452.355.1 states in relevant part:

Unless otherwise indicated, the court from time to time after considering all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding pursuant to sections 452.300 to 452.415 and for attorney's fees.

In denying DeHaan's motion for costs and attorney's fees, the circuit court made the following findings in its Judgment:

[A]fter considering all relevant factors, including the resources available to [De-Haan], the lapse of time between the services by the attorney and the request for attorney's fees, the justiciable nature of the motion to modify maintenance which resulted in the Court of Appeals' decision in 2003, and the conduct of all the parties, the Court finds that Petitioner's request for attorney's fees in the sum of $14,553.23 should be denied.

■■■■ After thoroughly reviewing the record on appeal, we cannot conclude that the circuit court abused its "broad discretion" in denying DeHaan's motion for costs and attorney's fees. "Section 452.355 permits, but does not require, the trial court to make an award of attorneys' fees." *Krepps v. Krepps*, 234 S.W.3d 605, 616 (Mo.App. W.D.2007). "The trial court is considered to be an expert in the necessity and reasonableness of attorney's fees...." *Laubinger*, 5 S.W.3d at 181.

In arguing that costs and attorney's fees should have been awarded, DeHaan states

that the circuit court abused its discretion because Lombardo "filed a motion to modify maintenance that was explicitly stated in the divorce decree to be non-modifiable [and] ... forced [DeHaan] to hire an attorney to defend an action that was on the verge of frivolity." But, as the circuit court noted, Lombardo's motion to modify can hardly be deemed "frivolous" when the circuit court initially granted it.

■■■ Section 452.355 expressly states that an award of costs and attorney's fees is at the circuit court's discretion, and that this determination should be based on various factors outlined in the statute. In this case, the trial court made clear that it considered "all relevant factors, including the resources available to [DeHaan], the lapse of time between services by the attorney and the request for attorney's fees, the justiciable nature of the motion to modify ... and the conduct of all the parties." At the conclusion of the trial, after announcing its findings the circuit court also emphasized that it believed the case had been over-litigated, and specifically admonished DeHaan that while she could continue to file contempt motions against her former spouse, "that's not economically justified, in my opinion."

The circuit court thus denied DeHaan's request for costs and attorney's fees based on a variety of factors expressly authorized by § 452.355. When reviewing the record on appeal, we cannot find that any of the trial court's findings or conclusions were in error. For example, DeHaan has not challenged the court's evident conclusion that her litigation conduct had unreasonably increased the case's cost, or argued that her limited "resources" justify an award. Nor does she dispute that she waited over two years after our mandate was issued in *Lombardo II* before filing her motion seeking costs and attorney's fees. For all of these reasons, we cannot find that the

circuit court's denial of DeHaan's request for costs and attorney's fees was "clearly against the logic of the circumstances," or "was so arbitrary as to shock one's sense of justice." Point II is denied.[6]

### III. Conclusion

The circuit court's award of $900.00 interest to DeHaan on Lombardo's delinquent maintenance payments is reversed and remanded for further proceedings. The denial of DeHaan's motion for costs and attorney's fees is affirmed.

All concur.

6. Given our disposition, we do not address Lombardo's alternative argument that De-Haan was barred from seeking fees following our decision in *Lombardo II,* where she failed to raise the issue.